UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS TABORELLI # 154922,       )
                 Plaintiff,      )
                                 )        No. 1:10-cv-1161
-v-                              )
                                 )        HONORABLE PAUL L. MALONEY
RICHARD CZOP, et al.,            )
                 Defendants.     )
_____ )

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff Thomas Taborelli, a prisoner under the control of the Michigan Department of Corrections, filed this lawsuit alleging violations of his civil rights under 42 U.S.C. § 1983. Currently pending are three motions for summary judgment. Defendants Smith, Waite, and Eaton filed a motion for summary judgment, arguing that the record did not support Plaintiff's claim for deliberate indifference to a serious medical condition. (ECF No. 18.) Raising similar arguments, Defendant Guilfoyle filed a separate motion for summary judgment. (ECF No. 37.) Finally, Defendant Czop filed his own motion for summary judgment, arguing that Plaintiff did not exhaust his administrative remedies for any claim against Defendant Czop. (ECF No. 41.)

After reviewing the motions and Plaintiff's response, the magistrate judge issued a report recommending that Plaintiff's claims against Defendants in their official capacities be dismissed. (ECF No. 56 "R&R".) The magistrate judge also recommended all three motions be granted and the claims against Defendants be dismissed. (*Id.*) Plaintiff filed objections. (ECF No. 60.) Plaintiff supplemented his objections with documents. (ECF No. 63.) Defendant Czop filed a response to Plaintiff's objections. (ECF No. 64.)

After being served with a report and recommendation issued by a magistrate judge, a party

has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice).

Upon review of the motions, the R&R, and Plaintiff's objections, the R&R is **ADOPTED** as the opinion of this Court. The Court finds the R&R factually accurate and the reasoning legally sound. Plaintiff did not object to the magistrate judge's recommendation that Plaintiff's claims brought against Defendants in their official capacity be dismissed. Plaintiff also did not object to the magistrate judge's conclusion that Plaintiff has conceded that Defendants Guilfoyle and Waite were entitled to summary judgment. Finally, Plaintiff has not objected to the magistrate judge's recommendation regarding Plaintiff's claim against Defendant Smith.

Plaintiff's objections do not undermine the magistrate judge's recommendations. Plaintiff's first objection, that he signed a waiver for his medical records, does not affect the magistrate judge's recommendation. The magistrate judge did not rely on any medical records, or their absence, to resolve any claim. Plaintiff's second objection addresses Defendant Czop's claim. The grievance Plaintiff filed in 2011 does not exhaust his claims that arose in 2009. Plaintiff's assertion that his

grievance was lost is not supported by any evidence in the record.  Plaintiff's third objection relates to what he allegedly told Defendant Eaton on August 1, 2009.  Rather than telling Defendant Eaton that he did not feel well, Plaintiff insists he told Defendant Eaton he was in too much pain to have a visitor.  Taking Plaintiff's version of the facts as true, Plaintiff still has not established the subjective prong of his claim for deliberate indifference.  Plaintiff did not ask for medical treatment. In the affidavit attached to his objection, Plaintiff describes his physical state as "extreme visible distress" and "trouble breathing."  Plaintiff's self-description of his symptoms does not establish that Defendant Eaton neglected to act with the intent of causing Plaintiff harm.

For these reasons, **IT IS HEREBY ORDERED** that

1. The report and recommendation (ECF No. 56) is **ADOPTED**, over objections, as the opinion of this Court.

2. The motion for summary judgment filed by Defendants Smith, Waite, and Eaton (ECF No. 18) is **GRANTED**.  Plaintiff's claims against Defendants Smith, Waite, and Eaton are **DISMISSED**.

3. The motion for summary judgment filed by Defendant Guilfoyle (ECF No. 37) is **GRANTED**. Plaintiff's claims against Defendant Guilfoyle are **DISMISSED**.

4. The motion for summary judgment filed by Defendant Czop (ECF No. 41) is **GRANTED**. Plaintiff's claims against Defendant Czop are **DISMISSED**.

5. Plaintiff's claims against Defendants in their official capacities are **DISMISSED.**

Date:   April 5, 2012                                     /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          Chief, United States District Judge